CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

January 8, 2020

LETTER TO COUNSEL:

> RE:   *Maribel R. v. Andrew M. Saul, Commissioner of Social Security*[1]
>        Civil No. TJS-18-3965

Dear Counsel:

On December 24, 2018, Plaintiff Maribel R.[2] petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 16 & 21.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[3] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

In her applications for DIB and SSI, Maribel R. alleged a disability onset date of May 4, 2016. (Tr. 11.) Her applications were denied initially and on reconsideration. (*Id.*) A hearing was held before an Administrative Law Judge ("ALJ") on March 19, 2018 (Tr. 63-88), and the ALJ found that Maribel R. was not disabled under the Social Security Act (Tr. 11-22). The Appeals Council denied Maribel R.'s request for review (Tr. 1-5), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ evaluated Maribel R.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Maribel R. had not engaged in substantial gainful activity since May 4, 2016, the alleged onset date. (Tr. 14.) At step two, the ALJ found that Maribel R. suffered from the following severe impairments:

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

[2] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

[3] This case was originally assigned to Judge Stephanie A. Gallagher. On November 6, 2019, the case was reassigned to me.

"Degenerative Disc Disease with Radiculopathy; Fibromyalgia; Migraine Headaches; Skin Cancer and Obesity." (*Id.*) At step three, the ALJ found Maribel R.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 16.) The ALJ determined that Maribel R. retained the residual functional capacity ("RFC")

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that does not require climbing ladders, ropes or scaffolds; nor more than occasional climbing of ramps and stairs, crawling, crouching, kneeling and stooping; nor more than frequent balancing; nor more than moderate exposure to hazards; and no more than a concentrated exposure to irritants such as fumes, odors, dust, gases or poorly ventilated areas.

(Tr. 17.)

At step four, the ALJ determined that Maribel R. was unable to perform any past relevant work. (Tr. 20.) At step five, relying on the testimony of a vocational expert ("VE"), the ALJ found that Maribel R. could perform jobs that exist in substantial numbers in the national economy, including telephone answering service operator, medical receptionist, and general receptionist. (Tr. 22.) Accordingly, the ALJ concluded that he was not disabled under the Social Security Act. (*Id.*)

Maribel R. presents three arguments in this appeal: (1) the ALJ improperly weighed and considered the opinion of a consultative examiner; (2) the ALJ erroneously concluded that the claimant possessed transferable job skills; and (3) the ALJ presided over this case in violation of the Appointments Clause. The Court will address each of these arguments below.

Maribel R. first argues that the ALJ improperly weighed the opinion of Dr. Nicholas Gehle (a consultative psychologist), failed to reconcile the "moderate weight" given to the opinion with the RFC determination, and failed to include any mental limitations in the RFC. (ECF No. 16-1 at 10-17.) Dr. Gehle conducted a psychological evaluation of Maribel R. on August 1, 2017. (Tr. 2106-2108.) Based on Maribel R.'s self-reported symptoms and Dr. Gehle's assessment during the evaluation, he concluded that she met the criteria for "Major Depressive Disorder (Recurrent Episode, Moderate, with anxious distress)," and that her mental health symptoms "appear to be moderately to severely impacting activities of daily living, vocational performance, and interpersonal interactions." (Tr. 2108.)

The ALJ discussed Dr. Gehle's opinion in connection with the four areas of mental functioning at step two and in connection with his explanation of the RFC determination. (Tr. 15-16, 18.) Regarding the first functional area, the ALJ cited Dr. Gehle's opinion to support his finding that Maribel R. had a mild limitation in understanding, remembering, or applying information. (Tr. 15.) The ALJ highlighted Maribel R.'s ability to "recall three out of three words immediately and two out of three words after a delay," and that she "demonstrated fair mental computation and coherent, logical and goal directed though processes" during her consultative examination with Dr. Gehle. (*Id.*) In the second functional area, the ALJ relied in part on Dr. Gehle's observations ("she arrived on time and displayed a positive attitude while being cooperative and answering Dr. Gehle's questions") in finding that Maribel R. was only mildly limited in interacting with others.

(*Id.*) In the third functional area, the ALJ again relied on Dr. Gehle's opinion to conclude that Maribel R. had a mild limitation in the area of concentrating, persisting, or maintaining pace. (*Id.*) The ALJ recited several of the observations made during Dr. Gehle's consultative examination regarding Maribel R.'s daily activities and ability to function independently. In the fourth functional area, the ALJ relied on Dr. Gehle's opinion to conclude that Maribel R. had no limitation in the area of adapting or managing oneself. (*Id.*) Citing Dr. Gehle's report, the ALJ noted that "the claimant does not seek counseling and is fully oriented, alert, and has adequate attention and concentration." (*Id.*)

In contrast to the significant weight that the ALJ gave to the State Agency clinicians, who concluded that Maribel R. had limitations in the functional areas that were mild at most, the ALJ explained that Dr. Gehle's opinion was only entitled to moderate weight. The ALJ explained that Dr. Gehle's mental status examination findings were too restrictive, that they overstated Maribel R.'s limitations, and that the findings were not consistent with other findings in Maribel R.'s longitudinal medical record. (Tr. 16.)

The ALJ's discussion of the weight afforded to Dr. Gehle's opinion is logical and supported by substantial evidence, and it appears that the ALJ applied the correct legal standards in making his findings. The Court will not reweigh the evidence of record to determine whether it would have reached the same conclusion. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted). As to the second part of Maribel R.'s argument, the ALJ was not required to include mental restrictions in Maribel R.'s RFC because the ALJ found that her limitations were so mild that they did not result in any functional limitations. Maribel R.'s argument to the contrary must be rejected.

Next, Maribel R. argues that the ALJ erred in his finding that she possessed transferable job skills from her past relevant work as a nurse and a medical assistant, including customer service, and medical information,and data gathering. (ECF No. 16-1 at 17.) The regulations define transferable skills as "skills that can be used in other jobs, when the skilled or semi-skilled work activities [the claimant] did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work." 20 C.F.R. § 404.1568(d). Transferable skills are most "probable and meaningful" where three conditions are present: "(i) The same or a lesser degree of skill is required; (ii) The same or similar tools and machines are used; and (iii) The same or similar raw materials, products, processes, or services are involved." *Id.* Nonetheless, there are "degrees of transferability of skills ranging from very close similarities to remote and incidental similarities among jobs," and a "complete similarity of all three factors is not necessary for transferability." *Id.*; *see also* SSR 82-41, 1982 WL 31389 (S.S.A. 1982).

During the administrative hearing, the VE identified Maribel R.'s past relevant work as being a general duty nurse, head nurse, nurse assistant, medical assistant, and patient transporter. (Tr. 83.) The VE also identified several transferable skills that Maribel R. possessed, including in customer service, and medical information or data gathering. (Tr. 85.) The VE explained that all of these skills transferred from Maribel R.'s past nursing jobs, and that they would transfer to the occupations of telephone answering service operator and medical receptionist. (Tr. 85-86.)

There is substantial evidence to support the ALJ's finding that Maribel R. possessed the transferable skills listed in the decision. During the hearing, Maribel R. testified about the sort of work she performed in her nursing positions. (Tr. 69-71.) Maribel R.'s Work History Report substantiates her testimony, providing detailed information about the work she has performed in past jobs. (Tr. 440-47.) In addition, the ALJ was permitted to rely on the VE's testimony regarding Maribel R.'s transferable skills because the VE's testimony was supported by the evidence in the record and the VE has extensive experience in the area of vocational analysis. (*See* Tr. 509-11.) For these reasons, the Court rejects Maribel R.'s argument regarding the transferability of skills.

Maribel R.'s final argument is that, relying on *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), her case must be remanded because the ALJ who decided the case was not properly appointed under the Constitution's Appointments Clause. (ECF No. 16-1 at 20-23.) She argues that "at the time of Plaintiff's hearing, the ALJ was an inferior officer who was not constitutionally appointed" and that the case must be remanded to allow a constitutionally appointed ALJ or the Commissioner to preside over the hearing. (*Id.* at 21.) Maribel R. concedes that she raises this objection for the first time in this appeal. (*Id.*)

The Fourth Circuit has not directly addressed Appointments Clause challenges in the context of Social Security appeals. But most of the district courts within the Fourth Circuit that have considered the issue have found that a plaintiff waives her right to raise an Appointments Clause challenge on judicial review when she fails to raise the issue before the ALJ. *See, e.g., Munford v. Berryhill*, No. 3:18-cv-443, slip op. at 6-12 (E.D. Va. Feb. 19, 2019) (same), *report and recommendation adopted*, No. 3:18-cv-443 (E.D. Va. Apr. 26, 2019), *appeal filed*, No. 19-1537 (4th Cir. May 17, 2019); *see also Edwards v. Berryhill,* No. 3:18-CV-615, 2019 WL 2619542, at *4–5 (E.D. Va. June 6, 2019) (collecting cases), *report and recommendation adopted sub nom. Edwards v. Saul*, No. 3:18-cv-615, 2019 WL 2620005 (E.D. Va. June 26, 2019). I agree with the reasoning of the courts in these cases. "A constitutional challenge under the Appointments Clause is 'nonjurisdictional,' and thus a party may forfeit its Appointments Clause argument by failing to raise it." *Taylor v. Saul*, No. 3:18-cv-00553-KDB, 2019 WL 6972845, at *7 (W.D.N.C. Dec. 18, 2019) (citing *NLRB v. RELCO Locomotives, Inc.*, 734 F.3d 764, 795, 798 (8th Cir. 2013); *Freytag v. Commissioner*, 501 U.S. 868, 878-79 (1991); *Freytag*, 501 U.S. at 893-94 (Scalia, J., concurring in part) ("Appointments Clause claims, and other structural constitutional claims, have no special entitlement to review. A party forfeits the right to advance on appeal a nonjurisdictional claim, structural or otherwise, that he fails to raise at trial.")). Maribel R. failed to raise her Appointments Clause argument before the ALJ and her request for review to the Appeals Council. Accordingly, she has forfeited her Appointments Clause challenge.

For the reasons set forth herein, Maribel R.'s Motion for Summary Judgment (ECF No. 16) will be **DENIED**, and the Commissioner's Motion for Summary Judgment (ECF No. 21) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Timothy J. Sullivan
United States Magistrate Judge